## MALE v. LAFFERTY.

(Circuit Court, S. D. New York. December 1, 1900.)

1. CONTRACTS — PERSONS BOUND — CONTEMPORANEOUS CONTRACTS CONSTRUED TOGETHER.

Where an agreement between defendant and the receiver of an insolvent corporation, by which defendant undertook to purchase the property of the corporation, contemplated and required defendant to comply with a second agreement, executed contemporaneously between bondholders, by which they agreed to deposit their bonds with a trustee, to be delivered to defendant for his use in paying for the property, the two contracts are to be construed together, and defendant, by becoming a party to one, became bound by the other, and may be sued by the trustee for its breach in failing to pay for the bonds received thereunder in accordance with its terms.

2. SAME—ACTION FOR BREACH—DEFENSES.

In an action for breach of contract in failing to return or pay for certain bonds delivered by plaintiff to defendant to be used by him in paying for property of an insolvent corporation, an answer alleging the delivery by defendant to plaintiff of a certificate of deposit for the bonds does not state a defense, it not being alleged that the certificate was accepted in lieu of the bonds themselves.

At Law. On demurrer to answer.

John A. Garver, for plaintiff.
Robert L. Harrison, for defendant.

WHEELER, District Judge. This is an action founded upon written contracts, to which the defendant has set up separate defenses, which have been demurred to. The defendant's counsel in argument says that, if the defenses are not good of themselves, the complaint does not state a good cause of action, and that a bad defense is good enough for a bad complaint. In common-law pleadings a demurrer reaches back to the first defect. So, apparently, would a demurrer in code pleading, when such a pleading is allowed. According to the complaint the plaintiff had in his hands as trustee $24,000 of mortgage bonds and $6,000 of receiver's certificates of the Maritime Coal Company, which was being foreclosed. The defendant and Thompson, the receiver, entered into an agreement in writing, arranging for the purchase of the property by the defendant at the foreclosure sale, which provided:

"(3) An agreement between the holders of $24,000, par value, of the said Maritime Coal Company bonds, and of $6,000, par value, of the said receiver's certificates, shall forthwith be entered into, by which they shall agree to deliver the said bonds and certificates to William H. Male, of the city of New York, as trustee, for the purpose of delivering the same to said Lafferty, or his assigns, upon receiving $25,000, par value, of first mortgage 5% fifteen-year gold bonds of a new corporation to be organized by the said Lafferty for the purpose of acquiring the said property of the Maritime Coal Company. * * * The said Lafferty shall also, within the time hereinafter specified, pay to the said Thompson $5,000 in cash, and to the said Male, as trustee, $22,000 in cash, or shall deliver to the said Thompson $5,000,' par value, of the first mortgage 5% fifteen-year sinking fund gold bonds, issued by the said proposed new company, as aforesaid, and to the said Male, as trustee, $25,000, par value, of such bonds, upon receiving the said $24,000 of the bonds of the Maritime Coal Company and $6,000, par value, of receiver's certificates held by the said Male, as trustee."

And an agreement in writing was at the same time entered into by which the holders of the bonds and certificates agreed with each other and the trustee:

"(1) The parties of the first part hereby deposit their bonds and receiver's certificates with the trustee, in trust to hold the same and deliver them to Herbert D. Lafferty, of Roanoke, Virginia, or his assigns, at any time within sixty days after the confirmation of the said sale, upon payment to the trustee of $22,000 in cash, or upon the delivery to the trustee of $25,000, par value, of 5% fifteen-year sinking fund gold bonds, forming part of a total authorized issue of $75,000, par value, issued by a corporation which shall acquire the property now owned by the said Maritime Coal Company, and secured by a first mortgage upon all the said property. * * * (2) In case the said property is purchased by the said Lafferty, or in his interest, the trustee shall deliver the said bonds and receiver's certificates to the said Lafferty, to be used by him in paying for the said property, upon his giving a receipt to the trustee agreeing to return them or to deliver the said new bonds to him within sixty days after the confirmation of the said sale."

And the plaintiff, as trustee, delivered the bonds and certificates to the defendant, who purchased the property at a sale, which was confirmed; and, although more than 60 days from confirmation of the sale have elapsed, the defendant has not delivered the $25,000 of new bonds, nor paid the $22,000 to the plaintiff.

The principal argument against the sufficiency of the complaint is founded upon the supposition that the defendant's agreement was with the receiver, and that there is a total want of any contract and breach between the plaintiff and defendant. While the contract signed by the defendant runs to, and is signed otherwise only by, the receiver, it stipulates for this delivery or payment to the plaintiff, and for another contract between the plaintiff and other bond and certificate holders, also providing for such delivery or payment. These contracts appear to have been simultaneous, and are to be construed together. The defendant, by becoming a party to the one which provided for the other, became holden to the terms of both, by which he was, if the old bonds and certificates were delivered to him, to deliver the new bonds, or make the payment to the plaintiff. Performance by the plaintiff and breach by the defendant appear to be well averred, and the complaint appears to be sufficient. In his first separate defense the defendant has brought forward the second clause of the agreement between the bond and certificate holders and the plaintiff as trustee, and set forth the receipt executed by him to the plaintiff, which states that the bonds and certificates were received from the plaintiff by the defendant pursuant to the provisions of the agreement, which is set out in full, with an averment of failure of the receiver to enable the defendant to obtain a clear title, wherefore he was compelled to pay cash, instead of the securities, to complete the sale; "and that thereupon this defendant returned to the plaintiff herein certificates of deposit of the Atlantic Trust Company for $24,000, par value, of the first mortgage bonds of the Maritime Coal Company, and $6,000 of the receiver's certificates of indebtedness." The obligation of the defendant was, if he should buy the property, as is made more clear by his receipt when brought forward, to pay the $22,000, or deliver the bonds and certificates, to the plaintiff. If this defense was intended to amount to performance of the contract by delivery of the bonds and

certificates back to the plaintiff, according to that alternative, it falls short in averring the return of a certificate of deposit only of them, without averring that this certificate was what the defendant received of the plaintiff for them, or that the certificate of deposit of the securities was accepted in place of the securities, or that the production and delivery of the securities, instead of the certificate of deposit of them, was waived. What is set up does not amount to full performance of either alternative of the defendant's agreement with the plaintiff. The residue of this and the whole of the other separate defense relate to the alleged misdoings and shortcomings of the receiver, who had, however, nothing to do with the delivery of the $25,000 of new bonds, or the payment of the $22,000, or the return of the old bonds and receiver's certificates to the plaintiff, if the sale was made to the defendant and confirmed according to the terms of the agreement, as set forth in the complaint. The separate defenses, in this view, appear to be insufficient. Demurrer sustained.